By the Court.
At October term, 1878, Morrow common pleas, M. recovered judgment against T. A bill of exceptions allowed, signed and sealéd by the judge was filed at said term and so noted on the trial docket, but no journal entry noticed the bill or ordered it to be made part of the record. T. filed his petition in error and the original papers in the district court, which reversed the common pleas, and M. carried the case on error to the supreme court. At October term, 1882, Morrow common pleas, T. filed a motion in that court for a nunc pro tunc order showing that at October term, 1878, said bill of exceptions was duly allowed, &c. M. resisted said motion. The only evidence offered to support it was the trial docket entry reading: “ Motion for a new trial overruled and ex. Bill of exception filed Nov. 25, 1878,” and the bill of exceptions itself bearing the signature and seal of the judge below words certifying that it was “ allowed, signed and sealed and made a part of the record.” M. offered no evidence, but contented himself with objecting and excepting. He took a bill of exceptions and' on leave filed a petition in error in the supreme court to reverse the nunc pro tunc order then made in the common pleas. We think Bothe v. Railway Co., 37 Ohio St., 147, directly in point. There Auglaize Common Pleas, in 1881, made a similar nunc pro tunc order as of 1869, admitting the trial docket entry and the bill of excep *111 tions in evidence in support of the motion. Against objection, exception and argument, the supreme court, in that case sustained the. action of the common pleas.
We approve and follow this holding and affirm the order complained of. As 37 Ohio St. does not fully state the case referred to no penalty is imposed.

Order affirmed.